IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELLISSA A. RUSCIN,

                        Plaintiff,

    v.                                                                   OPINION and ORDER

ANDREW M, SAUL,                                              20-cv-605-jdp
Commissioner of the Social Security Administration,

                        Defendant.

---

Plaintiff Mellissa A. Ruscin seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Ruscin not disabled within the meaning of the Social Security Act. Ruscin contends that administrative law judge (ALJ) Michael Schaefer erred by: (a) failing to adequately support his conclusion that Ruscin could perform light work; (b) failing to consider the combined effects of Ruscin's impairments; (c) failing to consider whether Ruscin needed a restriction for time off task; (d) improperly rejecting certain medical opinions; (e) failing to support his finding that Ruscin could perform a significant number of jobs; and (f) placing too much reliance of Ruscin's activities of daily living when considering Ruscin's subjective complaints.

The ALJ's decision is thorough and generally well reasoned. The court is not persuaded that any of the issues cited by Ruscin warrant remand. The court will affirm the ALJ's decision and cancel the hearing scheduled for May 18, 2021.

ANALYSIS

Ruscin sought benefits based on physical and mental impairments, alleging disability beginning in November 2016, when she was 49 years old. R. 91.[1] Her application was denied initially and on reconsideration; she requested a hearing before an ALJ. In a June 2019 decision, the ALJ found that Ruscin suffered from the following severe impairments: anxiety, post-traumatic stress disorder, depression, chronic respiratory deficiency, back problems, TMJ syndrome, obesity, and carpal tunnel syndrome. R. 21. After finding that Ruscin's impairments weren't severe enough to meet or medically equal the criteria for a listed disability, the ALJ ascribed to Ruscin the residual functional capacity (RFC) to perform light work with additional mental, physical, and environmental restrictions. R. 27. Based on the testimony of a vocational expert, the ALJ found that Ruscin was not disabled because she could perform a significant number of jobs in the national economy, including as a laundry worker, a dry cleaner, and a router. R. 37. The Appeals Council declined review. R. 1–3. Ruscin now appeals to this court.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, meaning that the court looks to the administrative record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

---

[1] Record cites are to the administrative transcript located at Dkt. 18.

A. **Light work restriction**

Ruscin says that the ALJ erred by failing to support his finding that Ruscin could perform light work. Specifically, she says that all of the medical experts found that Ruscin was either more or less physically limited than what the ALJ found, so the ALJ was "playing doctor" by relying solely on his "own lay medical conclusions." Dkt. 20, at 8. But as Ruscin acknowledges, the ALJ isn't required to adopt any one opinion in full. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians."). Ruscin is correct that some medical records require an expert to interpret, *see Callaway v. Saul*, No. 19-cv-818-jdp, 2020 WL 2214385, at *2 (W.D. Wis. May 7, 2020), but Ruscin doesn't point to any such records that the ALJ interpreted himself in this case. The ALJ did not play doctor by accepting and rejecting individual components of the expert opinions in the record.

The court also disagrees with Ruscin's contention that the ALJ failed to explain the basis for the physical restrictions in the RFC. The ALJ discussed each of Ruscin's severe impairments and the evidence relating to each of them. He gave reasons for why he wasn't persuaded that Ruscin was as limited as she said she was. R. 31–32. Ruscin doesn't identify any evidence that the ALJ failed to consider.

Ruscin says that the ALJ should have explained specifically why her breathing problems and obesity didn't support a restriction to sedentary work. But she cites no authority that requires an ALJ to individually discuss why each impairment doesn't meet the requirements for a greater restriction. *See Vang v. Saul*, 805 F. App'x 398, 401 (7th Cir. 2020) (rejecting argument that ALJ was required to point to evidence showing that the plaintiff could meet a

3

specific exertional level when the claimant failed to cite evidence that he was more limited than the ALJ found). The only evidence that Ruscin cites are self-reports that she experiences dyspnea, or difficulty breathing, "with exertion." *E.g.*, R. 590. But Ruscin points to no evidence quantifying that difficulty or otherwise supporting a view that her breathing problems prevent her from performing light work.

### B. Combined effect of impairments

Ruscin contends that ALJ erred by considering her back problems, breathing problems, and obesity only individually instead of collectively. *See Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). She also says that the ALJ should have discussed the combined effects of her severe and nonsevere impairments, including her migraines, insomnia, and vertigo. *See Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). But Ruscin doesn't cite any evidence that the ALJ overlooked or that would show that the combined effects of her impairments would require greater restrictions than what the ALJ found. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (claimant is not entitled to relief on appeal if he "does not identify medical evidence that would justify further restrictions"); *Hoy v. Astrue*, 390 F. App'x 587, 592 (7th Cir. 2010) (rejecting argument that the ALJ failed to consider effect of impairments in combination when the plaintiff "only speculate[d] about the effect of these conditions on him").

### C. Time off task

Ruscin raises three objections to the ALJ's consideration of her ability to concentrate: (1) he didn't reconcile his finding that Ruscin had moderate limitations in concentration, persistence, and pace with his failure to include a restriction in the RFC for being off task; (2) he failed to discuss the vocational expert's testimony about employer tolerance of an

employee's time off task; (3) he didn't consider the combined effects of Ruscin's physical and mental impairments on her ability to concentrate.

As for Ruscin's first objection, the court of appeals has rejected the view that a moderate limitation necessarily translates into a restriction in the RFC. *See Apke v. Saul,* 817 F. App'x 252, 258 (7th Cir. 2020); *Capman v. Colvin,* 617 F. Appx 575, 579 (7th Cir. 2015). This is consistent with the opinion of state-agency consultant Karin Towers, on which the ALJ relied. R. 26. Like the ALJ, Towers found that Ruscin was moderately limited in concentration, but Towers did not impose a restriction on Ruscin for being off task. R. 117–20. So the court isn't persuaded that the ALJ was required to explain why he wasn't including such a restriction.

As for Ruscin's second objection, her contention appears to be that the ALJ was required to discuss the vocational expert's testimony that being off task more than 10 percent of the time would eliminate competitive employment. R. 81. She cites *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021), *Crump v. Saul*, 932 F.3d 567 (7th Cir. 2019), and *Winsted v. Berryhill*, 923 F.3d 472 (7th Cir. 2019), but none of those cases support her contention. The rule at the heart of these cases is a basic one: the ALJ may not disregard substantial evidence that is supported by the record. *See Lothridge*, 984 F.3d at 1234 (ALJ erred by failing to address evidence that claimant could not stay on task); *Crump*, 932 F.3d at 570–71 (ALJ erred because the hypothetical to the vocational expert and the RFC "did not account for Crump's CPP limitations"); *Winsted*, 923 F.3d at 476 ("[W]hen an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the [vocational expert] must account for these limitations.").

A hypothetical is not itself evidence; it is simply a question that the ALJ asks the vocational expert before the ALJ has determined what the evidence is. So too, the vocational

5

expert's answer to a hypothetical question isn't evidence of the claimant's limitations. Ruscin doesn't contend that the vocational expert reviewed her medical records or had any basis for determining what her limitations were. Rather, the vocational expert's cited testimony was simply a description of what is considered acceptable employee performance in the national economy, based on assumptions provided by the ALJ.

So the question isn't whether the ALJ addressed the vocational expert's testimony; it is whether the ALJ considered all the evidence related to whether Ruscin could stay on task. Ruscin doesn't cite any evidence that the ALJ overlooked, so this argument fails.

Ruscin's third objection is that the ALJ failed to consider all of Ruscin's impairments, including her physical impairments, when determining whether a restriction for being off task is needed. But, as explained above, Ruscin doesn't cite any evidence overlooked by the ALJ that any of her impairments, alone or in combination, support a restriction for being off task.

**D. Medical opinions**

1. **Amy Sorensen**

Amy Sorensen is an examining consultant who opined, among other things, that Ruscin was limited to sitting for one hour, standing for 20 minutes, and lifting and carrying up to 10 pounds. R. 35. Ruscin says that the ALJ contradicted himself by relying on some of Sorensen's observations and findings and then giving little weight to her opinion. For example, the ALJ cited Sorenson's observation that Ruscin's "recent and remote memory were intact" to support his finding that Ruscin was moderately limited in understanding, remembering, or applying information, R. 24. And he cited Sorensen's findings that Ruscin "had full strength throughout her upper extremities, including in her wrists, fingers, and hands, as well as full range of motion

of her wrists and hands," when determining what restrictions were appropriate for Ruscin's carpal tunnel syndrome. R. 31.

There is nothing inherently inconsistent about relying on a doctor's observations but disagreeing with the doctor's conclusions. One of the reasons that the ALJ gave little weight to Sorensen's opinion was that it was inconsistent with the objective evidence. R. 35. The observations and findings that the ALJ cited had nothing to do with the opinion that the ALJ rejected, so the court discerns no contradiction.

2. **Kurt Weber**

Kurt Weber was a consultant who conducted a psychological evaluation of Ruscin. Among other things, Weber opined that Ruscin had moderate to marked limitations in responding appropriately to supervisors and coworkers and marked to severe limitations in withstanding routine work stressors. R. 34. The ALJ declined to adopt that portion of Weber's opinion for multiple reasons: (1) it was inconsistent with Weber's own examination of Ruscin; (2) Weber relied heavily on Ruscin's subjective reports; and (3) the great weight of the evidence, including the assessment by Ruscin's treating physician, Thomas Sandager, supported lesser restrictions. *Id.*

Ruscin challenges only the third reason, contending again that the ALJ contradicted himself by relying on Sandager's assessment to reject Weber's opinion while also giving Sandager's opinion only some weight. But Ruscin doesn't identify an inconsistency. The ALJ relied on Sandager's examination findings, which the ALJ said were inconsistent with portions of both Sandager's and Weber's opinions. Again, there is no contradiction in crediting a doctor's observations and findings while rejecting an opinion as inconsistent with those observations and findings. And Ruscin doesn't challenge the ALJ's conclusion that Weber's

7

opinion was inconsistent with both his own findings and those of Sandager, so this argument fails.

### E. Available jobs in the national economy

Relying on the testimony of a vocational expert, the ALJ found that Ruscin could perform representative jobs such as laundry worker (454,150 jobs nationally), router (218,000 jobs nationally), and dry cleaner (40,759 jobs nationally). R. 37. Ruscin contends that the ALJ erred in finding that she could work as a laundry worker and a dry cleaner because the requirements of both jobs are inconsistent with the RFC. Ruscin makes a fair point about the laundry worker position: Ruscin cites evidence that the position requires constant handling and exposure to humidity, which would exceed the RFC ascribed to her. The VE addressed the apparent issues with the dry cleaner position, R.84, but the VE didn't address the handling and humidity issues that Ruscin points out here.

But any error is harmless, because Ruscin doesn't challenge the finding that she could work as a router and that there are 218,000 available positions for that job. That number more than satisfies the requirement in 42 U.S.C. § 423(d)(2)(A) that a claimant isn't disabled she can perform jobs that "exist[] in significant numbers" in the national economy. *See Primm v. Saul*, 789 F. App'x 539, 546 (7th Cir. 2019) (110,000 jobs nationally is enough to support finding that there were a significant number of jobs that claimant could perform).

### F. Activities of daily living

Ruscin says that the ALJ erred by relying too heavily on her activities of daily living when evaluating her subjective complaints. Specifically, she says that the ALJ failed to explain how activities such as performing household chores "suggested an ability to perform work activities for eight hours per day, 40 hours per week." Dkt. 20, at 17.

The court of appeals has "repeatedly warned against equating the activities of daily living with those of a full-time job." *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015). This is both because an ability to perform a particular activity may not translate into an ability to work full time and because a claimant may perform an activity at home only because he has no other choice. *E.g., Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) ("minimal daily activities" such as preparing simple meals, weekly grocery shopping, taking care of family member, and playing cards "do not establish that a person is capable of engaging in substantial physical activity"). The ALJ here did not equate Ruscin's activities of daily living with full-time work. The ALJ said only that her activities suggested more physical and mental capacity than Ruscin had alleged, and that the activities suggested that "she could tolerate some work." R. 32–33.

In any case, even if the ALJ's consideration of Ruscin's daily activities were flawed, that doesn't necessarily require remand. The ALJ gave other reasons for questioning the accuracy of Ruscin's subjective complaints, including that:

- some of her subjective complaints were contradicted by medical records, R. 22, 32;

- many of Ruscin's symptoms long predated her alleged onset date—while she was still working full time—and Ruscin hadn't presented evidence that her symptoms had worsened since her alleged onset date, R. 23, 29;

- Ruscin was reluctant to pursue treatment, R. 30, 31;

- medical records suggested that some of her symptoms were intermittent rather than pervasive, R. 30, 31;

- her examinations were generally normal, R. 31.

Ruscin doesn't challenge any of these other reasons. Those reasons collectively are more than adequate to support the ALJ's credibility determination. *See Bates v. Colvin*, 736 F.3d

9

1093, 1098 (7th Cir. 2013) (ALJ must "provide some evidence supporting her determination," but not all of her reasons need be supported by the record).

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED and the May 18, 2021, oral argument is CANCELED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered May 4, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge